FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

00 JAN 27 PH 3: 16

U.S. DISTRICT COURT
N.D. OF ALABAMA

ARNEITA J. TAYLOR, on behalf
of herself and as a class representative
of all others similarly situated,

    PLAINTIFFS,

vs.

SAKS, INC., and
PARISIAN, INC.,

    DEFENDANT.

CASE NO. CV 99-J-3441-S

ENTERED
JAN 2 7 2000

## MEMORANDUM OPINION

This case is brought as a class action in which the plaintiff and the class she represents are employed by defendants. The plaintiff alleges she was denied commissions on specific sales in which customers paid with certificates. Complaint at ¶ 1. The case was originally filed in the Circuit Court of Jefferson County. The defendants filed a notice of removal (doc. 1), alleging the plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq,* which provides minimum wage standards for employee compensation. The state court complaint states claims for breach of contract (Count I), unjust enrichment (Count II), and quantum meruit (Count III). The defendants allege this case arises under federal law. Defendants' opposition at 1.

The plaintiff has filed a motion to remand (doc. 5) and a memorandum in support of said motion. The defendants have filed an opposition to said motion. The plaintiff alleges

that this case does not involve any federal question, but rather state law contractual claims. Plaintiff's motion at ¶ 6.

The plaintiff alleges she was entitled to commissions on sales paid for by customers using coupons or certificates, in addition to her hourly wages. The plaintiff states that she makes no claim that she ever received less than the minimum wage required by the FLSA. Plaintiff's memo. at 2. While the court notes the defendants argue the plaintiff is an hourly employees, the court finds that this does not automatically require her claims for commission to fall within the ambit of the FLSA. Although the defendants argue otherwise, this court finds that the plaintiff does not allege she is not being paid minimum wage or proper overtime compensation.

This court finds, from a reading of the plaintiff's entire complaint, the plaintiff states claims concerning only the instances in which a customer pays with a promotional certificate. The plaintiff alleges she is not paid commissions on such sales. This court will not attribute such a claim to the plaintiff as the defendants request this court to do.

Both parties argue the applicability of *Avery v. City of Talledega*, 24 F.3d 1337 (11th Cir. 1994) to the facts of this case. This court finds that case to be of limited applicability except for the Eleventh Circuit's statement that:

> In *APFU* [920 F.2d 800, 806 (11th Cir.1991)] the plaintiff's employment contract provided that holiday and relief days would be counted for overtime purposes, even though the FLSA does not require employers to do so. We affirmed the district court's award of compensation for holiday and relief days "pursuant to a breach of contract theory." *Id.* at 806. We concluded that the

> City did not violate the FLSA, but violated the contract by not counting holiday and relief days." *Id.* *APFU* thus supports the proposition that an employer may contractually agree to compensate employees for time that is not mandatorily compensable under the FLSA. *Id.* at 806 & n.7 .... Thus the district court erred in holding that the FLSA pre-empts a state law contractual claim that seeks to recover wages for time that is compensable under the contract though not under the FLSA.

*Avery*, 24 F.3d at 1348. This court finds solely state law contractual claims in the facts of this case. As such, this court is of the opinion the removal of this case by the defendants was improper.

The Eleventh Circuit has stated:

> A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally. 28 U.S.C. § 1441 .... Because, in this case, there is no contention that diversity jurisdiction exists between the parties, federal jurisdiction must rest, if at all, on federal questions jurisdiction. Under the "well-pleaded complaint" rule, a case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. *Kemp v. Int'l Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). Because the well-pleaded complaint rule requires a federal question to appear on the face of the plaintiff's complaint, a defense presenting a federal question -- even a valid one -- cannot create removal jurisdiction. *Id.*

*Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).[1]

---

[1] In *Whitt*, the Eleventh Circuit also stated, "Thus, this Court has found that the jurisdictional issue in cases such as the one at hand is dependent upon whether the plaintiff is seeking relief that is available under 29 U.S.C. § 1132(a). *Kemp*, 109 F.3d at 712. If so, the Court must recharacterize the plaintiff's claim as an ERISA claim, and removal jurisdiction exists. *Id.* Conversely, if the plaintiff is not seeking relief that is available under section 1132(a), no federal question jurisdiction exists. *Id.*" 147 F.3d at 1329-1330. While this case is not an ERISA matter, the court finds the same logic applies here.

In the case before this court, the plaintiff alleges only state law claims. No federal question is discernable from the face of the complaint. The defendants state that the "FLSA governs the claims asserted by the plaintiff in this case because the claims, if true, would necessarily involve both minimum base pay under Section 206 and overtime pay under Section 207." Opposition at 3. The court finds no logic in this statement. Clearly, the plaintiff asserts that over and above any minimum base pay and overtime pay to which she was entitled, the defendants in addition promised to pay her a commission on sales. Only the commission issue is alleged in this case. Regardless of how commission may be calculated in to minimum wages to meet the requirements of the FLSA, the plaintiff here does not raise any allegation that the failure to pay these specific commissions caused her compensation to fall below the federally mandated requirements. The defendants cannot just attribute such a claim to the plaintiff and then remove the case on such attribution.

This court is mindful that the Eleventh Circuit has expressed a preference for remand where federal jurisdiction is not absolutely clear. *See e.g. Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994) ("Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim"). The fact that the plaintiff could have stated a claim for not receiving the federally mandated minimum wage, but did not, suggests to this court that she has no such claim.

Therefore based on a consideration of all of the above, this court **FINDS** that the above-entitled action was removed improvidently and that this court is without jurisdiction. Accordingly, plaintiff's motion to remand is hereby **GRANTED**. This action shall be **REMANDED** to the Circuit Court of Jefferson County from whence it was removed.

**DONE** this the ___27___ day of January, 2000.

Inge P. Johnson
United States District Judge

5